UNITED STATES of America,
Plaintiff,

v.

Angela JOHNSON, Defendant.

No. CR 01–3046–MWB.

United States District Court,
N.D. Iowa,
Central Division.

May 3, 2005.

Alfred E. Willett, Terpstra, Epping & Willett, Cedar Rapids, IA, Dean A. Stowers, Rosenberg, Stowers & Morse, Robert R. Rigg, Drake University Legal Clinic, Des Moines, IA, Patrick J. Berrigan, Watson & Dameron, LLP, Kansas City, MO, for Defendant.

Charles J. Williams, Patrick J. Reinert, U.S. Attorney's Office, Northern District of Iowa, Cedar Rapids, IA, Thomas Henry Miller, Des Moines, IA, for Plaintiff.

### ORDER REGARDING DEFENDANT'S RENEWED MOTION TO STRIKE DEATH PENALTY

BENNETT, Chief Judge.

This matter comes before the court pursuant to defendant Angela Johnson's May 1, 2005, Renewed Motion To Strike Death Penalty (docket no. 453). This motion renews Johnson's similar motion, filed December 8, 2004 (docket no. 230), which was denied by order dated February 18, 2005 (docket no. 325). The court heard oral arguments on the renewed motion on May 2, 2005. Because jury selection finished today, an expeditious ruling on the motion is necessary.

In her renewed motion, Johnson points out that the government has now stricken allegations from the Second Superseding Indictment charging her as a "principal" in the ten capital charges against her and has, instead, elected to proceed to trial only on an "aiding and abetting" theory as to each count. She argues that, in light of this change in the government's case, the court should now strike the death penalty for all counts on the grounds of "intra-case proportionality" and "the interests of justice," because a jury convicted Dustin Honken as the "principal" in the killings, but reached a verdict for the death sentence only for the killings of the two children. Where she is now charged only as an aider and abettor, Johnson argues that it is improper for her to face the death penalty on charges on which the "principal" was only given a life sentence, and even where the "principal" was given the death sentence, she is charged with a lesser degree of involvement, which should only expose her to a lesser punishment. The government resisted this motion at oral arguments on the ground that its voluntary restriction of its case to the "aiding and abetting" theory did not change the correctness of the court's prior conclusion that the appropriate penalty under the circumstances is a jury question.

In its order denying Johnson's earlier motion to strike the death penalty on the grounds reasserted here, the court did rely, in part, on the fact that Johnson was charged as a "principal" as well as an "aider and abettor," concluding that "[t]he conviction of one co-defendant as a principal does not necessarily foreclose the conviction of another co-defendant as a principal, for example, because of the possible permutations of the roles of co-defendants in any offense." See Memorandum Opinion And Order Regarding The Parties' Second Round Of Pretrial Motions, February 18, 2005 (Order of February 18, 2005) (docket no. 325), 87 (citing as indirect support *Standefer v. United States,* 447 U.S. 10, 100 S.Ct. 1999, 64 L.Ed.2d 689 (1980), and *United States v. Hornaday,* 392 F.3d 1306, 1311 (11th Cir.2004)). That reason for refusing to strike the death penalty no longer obtains here, where Johnson is no longer charged as a principal.

 However, the court also denied the defendant's prior motion on the ground that the statutory scheme for capital offenses under 21 U.S.C. § 848(e)(1)(A) expressly contemplates the argument that Johnson believes should bar the death penalty in her case and places it *before the jury*. *See* Order of February 18, 2005, at 88. As this court explained in its prior order, 21 U.S.C. § 848(m)(8) identifies *as a mitigating factor for jury consideration in the "penalty phase"* whether a co-defendant "equally culpable in the crime, will not be punished by death." *Id.* (citing § 848(m)(8)). This court found, further, that the jury's determination on this mitigating factor is to be made after consideration of all of the evidence, including the "merits phase" and "penalty phase" evidence, not by the court pre-trial. *Id.* The court reaffirms these conclusions, noting once again that Johnson's arguments in support of her renewed motion, like her arguments in support of her original motion, are more properly directed to the jury or to the appellate court on post-trial review than to this court on pre-trial motions.

 In ruling on Johnson's prior motion, the court did not address whether or not it had the authority to bar the government from seeking the death penalty, where the government had otherwise satisfied the prerequisites for doing so, because "[e]ven assuming that the court has the authority to bar the government from seeking the death penalty" in such circumstances, the court found no basis for exercising such authority on the merits of the defendant's arguments, which are again

rejected above. *Id.* at 87.[1] In her renewed motion, the defendant has not come forward with any cases or statutes granting the court the authority to bar the government from exercising its prosecutorial discretion to seek the death penalty, when the government has otherwise complied with the prerequisites for seeking the death penalty at trial. Thus, the lack of authority for the court to intrude upon prosecutorial discretion in this matter is yet another reason for the court to deny Johnson any relief on her renewed motion.

THEREFORE, the defendant's May 1, 2005, Renewed Motion To Strike Death Penalty (docket no. 453) is **denied.**

**IT IS SO ORDERED.**

---

1. The prosecution must, for example, charge facts supporting the increased penalty in the indictment, *see Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (when the government wishes to seek penalties in excess of those applicable by the elements of an offense alone, the government must charge the facts supporting the increased penalties in the indictment and prove the facts beyond a reasonable doubt), and give notice of its intent to seek the death penalty for a § 848 offense "a reasonable time before trial." *See* 21 U.S.C. § 848(h). The court does not doubt that it would have the power to strike the death penalty if these prerequisites were not met.